UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIYEZ AHMED, | No. 2:15-cv-1470 AC P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN DUFFY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner currently incarcerated at California State Prison Lancaster. Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in which he challenges a condition of his prior confinement at California Medical Facility (CMF). Plaintiff also requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening of Complaint Pursuant to 28 U.S.C. § 1915A

### A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure

Case 2:15-cv-01470-JAM-AC   Document 6   Filed 09/25/15   Page 3 of 8

"requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B.  The Allegations of Plaintiff's Complaint

The complaint alleges that, on July 26, 2013, CMF Correctional Sergeant Lacebal used pepper spray on another inmate in plaintiff's housing unit.  Plaintiff, who has asthma, experienced significant difficulty breathing, despite using his inhaler.  Plaintiff, who was in his own cell, obtained the attention of CMF Correctional Officer Johnson and asked for medical assistance.  Johnson allegedly told plaintiff that "'[t]here was nothing he (Guard Johnson) was going to do for plaintiff,' and walked away."  ECF No. 1 at 5.  Other inmates yelled out that plaintiff required medical assistance but no official responded until about an hour later, id. at 18, when "[p]laintiff was found by another shift prison guard who called for emergency medical response team," id. at 5.  Plaintiff alleges his "suffering cannot be easily described.  The lack of oxygen caused pain and suffering, loss of voice and trauma."  Id.

Exhibits to the complaint support plaintiff's complaints of respiratory distress.  See e.g., id. at 8.  Plaintiff asserts that he exhausted an administrative grievance against defendant Johnson in which he alleged that Johnson had engaged in "attempted murder, cruel and usual punishment, deliberate indifference to a serious medical need, racial discrimination, inexcusable neglect of duty, and failure to observe and perform within the scope of duty and training."  Id. at 3, 16, 18.  Plaintiff also names as defendants in his complaint Sgt. Lacebal because he was the "prison guard Sgt. at that time [and] was in charge of operations in plaintiff's unit of housing;" and CMF Warden Brian Duffy because "at the time [he] was legally responsible for all operations at California Medical Facility and for the welfare of all the inmates in that prison."  Id. at 5.  Plaintiff seeks, inter alia, $1,000,000 in punitive damages.  Id. at 4.

3

C. <u>Screening of Complaint</u>

The court finds the complaint inadequate in two significant ways: (1) it does not challenge specific conduct by defendants Lacebal or Duffy sufficient to sustain any claim against them; and (2) it does not identify any legal claim, even against defendant Johnson. Plaintiff will be accorded the opportunity to file an amended complaint that corrects these deficiencies.

The complaint makes no charging allegations against defendants Lacebal or Duffy. Their supervisory roles do not render them liable for the actions of their subordinates under a respondeat superior theory, because every defendant is liable only for his or her own misconduct. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77 (2009); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1205–08 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

Because the instant complaint does not allege that either defendant Lacebal or Duffy were aware of plaintiff's respiratory distress and failed to act,[1] the complaint fails to state a cognizable claim against either of these defendants.

On the other hand, the complaint clearly alleges that defendant Johnson was aware of plaintiff's respiratory distress and failed to respond. However, the complaint fails to identify a legal claim based on this challenged conduct. Despite plaintiff's several theories submitted in support of his administrative grievance, the most appropriate legal claim based on the allegations of the complaint is deliberate indifference to plaintiff's serious medical needs. In an amended complaint, plaintiff should frame his allegations, at least against defendant Johnson, based on the following legal standards.

---

[1] "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978); <u>see also</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (Citations omitted.)

To state a cognizable deliberate indifference claim for unconstitutional medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff must allege both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). Serious medical needs include conditions in which a failure to treat did, or could, result in significant injury to plaintiff.[2]

The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992). In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Id. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. Id. at 836-37. It is not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

---

[2] "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases)), and Hunt v. Dental Department, 865 F.2d 198, 200-01 (9th Cir. 1989)), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Thus, to state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A complaint that fails to identify the specific acts of a defendant that allegedly violated plaintiff's constitutional rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to defendants and identify the elements of each claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity the overt acts that defendants allegedly engaged in. Id. Because the complaint does not comply with these requirements, it must be dismissed.

If plaintiff chooses to amend the complaint, the amended complaint must clearly allege how the conditions complained of resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). The complaint must allege in specific terms how each defendant is involved. Id. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's challenged conduct and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, supra, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint supersedes the original complaint and therefore must be complete in itself without reference to the original complaint. See Local Rule 220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 5, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

1 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
2 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
3 Director of the California Department of Corrections and Rehabilitation filed concurrently
4 herewith.

     3. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file an amended complaint.

     4. Within thirty days after the filing date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

         a. The completed Notice of Amendment; and

         b. An amended complaint.

The amended complaint must bear the docket number assigned to this case, be labeled "First Amended Complaint," and comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

     5. Failure to timely file a First Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: September 24, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIYEZ AHMED,<br><br>        Plaintiff,<br><br>   v.<br><br>BRIAN DUFFY, et al.,<br><br>        Defendants. | No. 2:15-cv-1470 AC P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following documents in compliance with the court's order filed_____.

    _____        First Amended Complaint

_____      _____
Date                                             Plaintiff