UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIYEZ AHMED,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN DUFFY, et al.,<br><br>        Defendants. | No. 2:15-cv-1470 JAM AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Plaintiff Saiyez Ahmed is a state prisoner under the custody of the California Department of Corrections and Rehabilitation (CDCR), currently incarcerated at California State Prison, Los Angeles County (CSP-LAC). Plaintiff proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983, on his First Amended Complaint (FAC), filed October 30, 2015. See ECF No. 9.

As ordered by the court, the FAC is comprised of plaintiff's one-page amended complaint and pages 4 through 34 of plaintiff's original complaint. See ECF Nos. 9, 10. Upon screening the FAC pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. 1915A(a), this court found the allegations therein sufficient to state a cognizable Eighth Amendment claim against sole defendant Correctional Officer Johnson for deliberate indifference to plaintiff's serious medical needs, during plaintiff's prior incarceration at the California Medical Facility (CMF).

1

See ECF No. 10. A settlement conference was held in this action on June 9, 2017, but the case did not settle.

Presently pending is defendant's motion to dismiss this action, filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, based on plaintiff's alleged failure to exhaust his administrative remedies. See ECF No. 15. Defendant asserts that this is "the rare event that a failure to exhaust is clear on the face of the complaint," Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014), thus authorizing resolution of the matter pursuant to a motion to dismiss rather than a motion for summary judgment.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, this court recommends that defendants' motion to dismiss be denied.

## LEGAL STANDARDS

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA also requires that prisoners, when grieving their appeal, adhere to CDCR's "critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 91 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 at 218.

A prisoner need exhaust only those administrative remedies that are in fact "available" to him. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (original emphasis) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" Ross v. Blake, 136 S. Ct. 1850, 1862 (2016).

"[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross, 136 S. Ct. at 1859

(quoting Booth, 532 U.S. at 738). The Supreme Court has clarified that there are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, at 1859. These circumstances are as follows: (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856-57.

Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be brought and decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. See generally, Albino, 747 F.3d 1162. The Ninth Circuit has laid out the following burdens and analytical approach to be taken by district courts in assessing the merits of a motion for summary judgment based on the alleged failure of a prisoner to exhaust his administrative remedies, id. at 1172 (citation and internal quotations omitted):

> [T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy. . . . Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. However, . . . the ultimate burden of proof remains with the defendant.

The only exception to this approach is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. at 1166. Under such circumstances, a defendant may move to dismiss a prisoner civil rights complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Id. (citing Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal appropriate when affirmative defense appears on the face of the complaint)). "Otherwise, defendants must produce

3

evidence proving failure to exhaust in order to carry their burden" pursuant to a motion for summary judgment. Albino, 747 F.3d at 1166.

## THE FAC, DEFENDANT'S MOTION & THE PARTIES' BRIEFING

The FAC, which consolidates two separate filings by plaintiff, does not include a "check-off" page reflecting plaintiff's statement whether he exhausted his administrative remedies before bringing this action.

In his motion to dismiss, defendant asserts that "it is clear from the face of the Plaintiff's FAC that he did not properly exhaust his administrative remedies[.]" ECF No. 15-1 at 1-2 (citing FAC, ECF No. 9-1 at 13-9, 29-31). Defendant's citations to the FAC are to exhibits reflecting plaintiff's relevant administrative appeal and its resolution (Appeal Log No. CMF-M-13-02213), which involve plaintiff's challenge to the conduct of defendant Johnson. Defendant also requests that the court judicially notice a certified copy of the "Complete File for Inmate Appeal Log Number CMF-M-13-02213." See ECF No. 16. Judicial notice of this file is appropriate.[1] As noted by defendant, "[a] court may . . . consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).[2]

---

[1] This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] As framed by defendant, ECF No. 15-1 at 5:
> Plaintiff attached a portion of inmate appeal, log number CMF-M-13-02213, to his FAC to support his assertion that he exhausted his administrative remedies. (ECF No. 9-1 at pp. 16-17, 29-31.) [¶] Therefore, consistent with the Albino decision, the Court may consider Plaintiff's inmate appeal, albeit only a partial copy, attached and incorporated by reference to his FAC, and a complete copy of the same inmate appeal attached to Defendant's Request for Judicial Notice (RJN), without looking beyond the pleadings. []. Furthermore, the consideration of Plaintiff's FAC, Defendant's Request for Judicial Notice, and the attached exhibits, does not require the Court to convert Defendants' Rule 12(b)(6) motion into a motion for summary judgment.

4

In his opposition to defendant's motion, plaintiff contends that, following the Second Level Decision on his appeal (finding that defendant Johnson failed to abide by CDCR policy) and plaintiff's submission of his appeal for Third Level Review, the Second Level Decision was modified pursuant to an extended process that failed to adhere to CDCR deadlines or accord plaintiff timely notice. Plaintiff's appeal was ultimately cancelled because plaintiff failed to timely challenge the *amended* Second Level Decision. Plaintiff has submitted new exhibits allegedly showing that he made multiple inquiries (while being transferred between prisons), about the status of his Third Level Appeal before he obtained notice of its cancellation.

In reply, defendant asserts that plaintiff's position "is contradicted" by his own exhibits. Defendant argues, "[i]t is clear from the face of his complaint *and his opposition* that Plaintiff failed to properly exhaust[.]" ECF No. 20 at 3 (emphasis added).

Thereafter, plaintiff filed an "opposition to defendant's reply," with further arguments and exhibits. ECF No. 21. Defendant moved to strike plaintiff's "unauthorized surreply." ECF No. 22. Plaintiff responded, ECF No. 23, and defendant again replied, ECF No. 24. The parties dispute, inter alia, whether defendant "raised new arguments" in his first reply.

## ANALYSIS

Defendant's initial arguments in support of his motion to dismiss are misdirected. For example, defendant contends that plaintiff failed to allege in his FAC that "his administrative appeals were handled improperly by the CMF Appeals Office, or by any particular appeals coordinator." ECF No. 15-1 at 7; see also ECF No. 24 at 3. However, plaintiff had no obligation to plead administrative exhaustion in his complaint or to demonstrate that the process was unavailable. "Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" Albino, 747 F.3d at 1166 (quoting Jones, 549 U.S. at 204).

Moreover, the new factual allegations and exhibits submitted by plaintiff demonstrate that this court must determine whether Third Level Review was "available" to plaintiff to exhaust his Appeal Log No. CMF-M-13-02213. This assessment will require a determination whether CMF/CDCR officials complied with applicable procedures and deadlines, with due consideration to plaintiff's evidence that he repeatedly inquired into the status of his Third Level Review.

5

Because evidence outside the pleading that is not subject to judicial notice cannot be considered pursuant to a motion to dismiss under Rule 12(b)(6), resolution of these matters will require that the parties submit all relevant evidence and arguments on a summary judgment motion, in which defendant bears the burden of proof. See Albino, 747 F.3d at 1166. "[I]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see also Anderson v. Angelone, 86 F.3d 932, 934-35 (9th Cir. 1996) (if court converts a motion to dismiss into a motion for summary judgment, the prisoner-plaintiff must receive notice of the conversion and a reasonable opportunity to present responsive evidence).

Accordingly, the court recommends that defendant's motion to dismiss be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice, ECF No. 16, is granted; and

2. Defendant's motion to strike plaintiff's surreply, ECF No. 22, is denied.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 15, be denied; and

2. Defendant be directed to file and serve an answer to the First Amended Complaint within twenty-one days after the denial of his motion to dismiss.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

////

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE