UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIYEZ AHMED,<br>　　　　Plaintiff,<br>　　v.<br>BRIAN DUFFY, et al.,<br>　　　　Defendants. | No. 2:15-cv-1470 AC P<br><br>ORDER |

Plaintiff is a state prisoner incarcerated at California State Prison Los Angeles County (CSP-LAC). By order filed July 25, 2017, this court discharged an order to show cause (OSC) that had directed defense counsel to determine, in consultation with the CSP-LAC Litigation Coordinator, any adverse impacts to plaintiff due to his participation in the June 9, 2017 settlement conference in this case. See ECF No. 35 (discharging OSC). The OSC was issued in response to plaintiff's allegations that, as a result of his participation in the settlement conference, he had been placed in administrative segregation (Ad Seg) without due process, had lost his job and related compensation, and had missed previously scheduled medical appointments.

Plaintiff objects to the court's order discharging the OSC, on the ground that counsel's response and the supporting declaration of CSP-LAC Litigation Coordinator D. Sanchez contain factual inaccuracies concerning plaintiff's Ad Seg placement. See ECF No. 37. Counsel has

////

1

responded to plaintiff's objections. See ECF No. 38.  For the reasons set forth below, plaintiff's objections are overruled.

Plaintiff has submitted a copy of the Rules Violation Report (RVR) he received on June 16, 2017, for refusing to comply with an order to be moved from CSP-LAC's D4 "temporary overflow" Administrative Segregation Unit (ASU) to the D5 dedicated ASU. See ECF No. 37-1 at 4 (Pltf. Ex. 1).  Plaintiff avers that this exhibit demonstrates, contrary to the representations of the Deputy Attorney General, that he was placed in Ad Seg upon his return from the settlement conference.  Plaintiff further avers that "[t]he only reason Plaintiff was released from Ad-Seg is due to Plaintiff protesting through a Hunger Strike which was started on June 23, 2017 and lasted until June 27, 2017, the day Plaintiff was moved to D1-144."  ECF No. 37 at 4.

The DAG filed a Supplemental Response that includes a Supplemental Declaration from CSP-LAC Litigation Coordinator Sanchez.  See ECF No. 38.  Both concede that their prior response was partially inaccurate.  Sanchez explains that in his prior review of plaintiff's External Movement History Log and Bed Assignment Log, he did not consider plaintiff's placement in "non-disciplinary Ad-Seg in Building D-4" to reflect dedicated Ad Seg housing because previously "Building D-4 [was] not an Ad-Seg dedicated housing unit" and "inmates are not placed in Ad-Seg when they return from a temporary out-to-court transfer."  ECF No. 38-1, Sanchez Decl. ¶ 6.  However, upon further investigation, Sanchez discovered that "Building D-4 is currently being utilized as Ad-Seg overflow housing."  Id.

Sanchez also discovered that plaintiff's placement in Ad Seg was purposeful for reasons unrelated to his participation in the settlement conference.  On June 13, 2017, following the settlement conference at California State Prison Corcoran (CSP-COR), and plaintiff's temporary placement there, plaintiff "self-reported to Correctional Staff at COR that he considered himself a sympathizer with the Norteno Security Threat Group II (STG).  The [ASU] Placement Notice Ahmed received reflects that . . . COR retained him in non-disciplinary Ad-Seg for his own safety because . . . failing to retain him in non-disciplinary Ad-Seg could subject him to assault by enemies of the STG II Nortenos."  Sanchez Decl., ¶ 5, and Ex. 3 (CSP-COR ASU Placement Notice).

2

When plaintiff was returned to CSP-LAC on June 15, 2017, he was "immediately placed in non-disciplinary Ad-Seg in Building D-4 for his own safety based upon the Administrative Segregation Unit Placement Notice Ahmed received at COR. LAC does not house STG II Nortenos so Ahmed was deemed an immediate threat to the safety and security of the institution." Sanchez Decl., ¶ 6.

At CSP-LAC, plaintiff remained housed in Ad Seg from June 15, 1017 to June 27, 2017, when he was cleared of safety and security concerns. Sanchez Decl., ¶ 7. Although plaintiff received an RVR on June 16, 2017, for refusing to move to Building 5, CSP-COR's dedicated ASU, plaintiff was found not guilty on July 14, 2017. Id., Ex. 4 (CSP-COR Disciplinary Action Log). Plaintiff was moved to CSP-COR's non-ASU housing on June 27, 2017, where he remains.

The undersigned is persuaded by this new information that plaintiff was temporarily placed in CSP-LAC's ASU due to his own statements at CSP-COR that he was a sympathizer of the Norteno Security Threat Group II. Plaintiff's placement in CSP-LAC's overflow ASU upon his return from CSP-COR was consistent with standard CDCR security precautions. The RVR plaintiff incurred due to his subsequent refusal to move to CSP-LAC's dedicated ASU was resolved in plaintiff's favor. The arguments and exhibits presented by plaintiff and the DAG demonstrate no evidence of retaliatory motive. The court again finds that plaintiff has suffered no significant adverse action due to his voluntary participation in the court's settlement program.

Accordingly, the court overrules plaintiff's objections to the court's prior order discharging the order to show cause, ECF No. 37. The undersigned again acknowledges the assistance of the DAG and CSP-LAC Litigation Coordinator in addressing these matters.

The parties are reminded that, should the district judge adopt the undersigned's pending findings and recommendations, ECF No. 31, defendant will be directed to file and serve an answer to the First Amended Complaint, and this case will then be further scheduled.

DATED: August 14, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE